## CURRENT OHIO COURT of APPEALS CASES
### Weekly Advance Abstract Opinions

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 79

RINGHAVER, etc. v. SCHLUETER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7097. Decided Jan. 1927

633. INFANTS—An infant is responsible for its own torts and a father cannot be held for the independent wrong of his child; but is liable if he was in any way connected with the infant's wrong-doing.

SULLIVAN, J.

William Schlueter is the father of a minor of tender years, and Christian Ringhaver is also the father of a minor of tender years. The suit is one for recovery of damages based upon an injury received by the minor Ringhaver by the act of the minor Schlueter, in that while playing with the rubber casing for the wheel of an automobile, it revolved toward the minor Ringhaver and injured it. It was claimed in the Cuyahoga Common Pleas by Ringhaver that the father of the minor Schlueter was responsible, not only on account of the relationship existing; but also because the child was vicious and demented and therefore dangerous to be at large.

The court upon motion directed a verdict in favor of the defendant at the close of the testimony. Error was prosecuted, and it was urged that there was error in the instructions of the court as to the question of punitive damages based upon malice, and that the judgment was against the weight of the evidence. The Court of Appeals held:—

1. There is no error of a prejudicial nature in respect to the accountability of defendant's minor, because the act complained of is not of itself, tinctured with any quality pertaining to dementia or a weak or vicious mind.

2. The act itself has no other character but that of the common innocence of childhood, to which there cannot be attached the legal responsibility of a parent to such a degree that it would make him legally liable for damages ensuing therefrom.

3. A parent, to be responsible for the torts of a minor child, must have some knowledge with respect to the act or must do some act that connects him with the circumstances which is the basis for recovery.

4. There is an absence of motive or intent on part of Schlueter's child to commit the act, and it is relieved of any vicious element by reason of the children being on mutual terms of playfulness.

5. There is no evidence in the case which connects the father with the act of his child and there is nothing in the record relating to the child's history or previous conduct that would warrant any other guardianship over the child that is not given to all parents by reason of the relationship alone. 9 Dec. Rep. 458; 8 O.N.P. 204; 11 O.D. (N.P.) 337.

Judgment affirmed.

(Levine, PJ., concurs.)

Attorneys—Schaefer & Lawrence for Ringhaver; Edward Blythin for Schlueter; all of Cleveland.

———

No. 80

JAMES v. TOLEDO (City)

Ohio Appeals, 6th Dist., Lucas Co.

No. 1762. Decided Jan. 3, 1927

797. MUNICIPAL CORPORATIONS— When city council passes ordinance declaring street, which takes in lot of one who applied for building permit and started to build, said permit being revoked, and later council repeals former ordinance, damages will not lie against city as they were acting in a governmental function under their police power.

RICHARDS, J.

Jane L. James began this action in the Lucas Common Pleas to recover damages against the city of Toledo. The petition was met by a general demurrer which was sustained and James not wishing to plead further, her petition was dismissed.

In order to determine whether the lower court committed error, it will be necessary to look to the averments of James' petition which were that she was a lot owner in the City of Toledo, and that she, desiring to build a house applied for a building permit, which was issued and paid for; soon after, she, through her contractor, commenced a house and had gotten the foundation, grading, etc., started when the City council passed an ordinance declaring a street which took in James' lot. Thereupon the council served notice upon James of their intention, revoked her permit and ordered her to stop work on her house. Some months later the council repealed the former ordinance and she prays damages on the foregoing facts.

The city based its contentions on two grounds, first that they had a right to abandon appropriation proceedings without being liable in damages therefore and second, that mandamus would lie for the issuance of another permit and therefore damages would not lie. The Court of Appeals held:—

1. If the city in what it did, was acting in a governmental capacity, such liability would not arise. This non-liability in damages for